IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARSON HELICOPTERS, INC. and** | : | CIVIL ACTION |
| **CARSON HELICOPTER SERVICES, INC.,** | : | |
| | : | |
| v. | : | |
| | : | |
| **HOUSTON CASUALTY COMPANY** | : | 08-5301 |

MEMORANDUM

**NORMA L. SHAPIRO, J.**                                                                                    **JUNE 16, 2009**

Plaintiffs, Carson Helicopters, Inc. ("Carson") and Carson Helicopter Services, Inc. ("CHS") filed for anticipatory breach of contract and declaratory relief against defendant Houston Casualty Company ("HCC"). HCC filed a Motion to Transfer Venue, or in the Alternative, to Dismiss Plaintiffs' Complaint For Failure to Join Indispensable Parties. The court will grant HCC's motion and order this action transferred to the United States District Court for the District of Oregon.

**I.      FACTUAL BACKGROUND**

This is an insurance action arising after one of Carson's helicopters crashed in Northern California on August 5, 2008 while under contract with the United States Forest Service ("USFS"). Nine passengers died in the crash and four were injured; wrongful death and personal injury litigation soon followed. Plaintiffs bring the present action to resolve a dispute over the insurance coverage limit on the helicopter crash.

**A.      The Parties**

Carson is a Pennsylvania corporation with its principal place of business in Pennsylvania. CHS is an Oregon corporation with its principal place of business in Oregon. Plaintiffs and their affiliates own fifteen helicopters, which they lease for various services such as transport, wildfire

suppression, and emergency search and rescue. Plaintiffs also own and develop various proprietary technologies for use on their helicopters. CHS runs Carson's Oregon service and maintenance center, the permanent base for the helicopter that crashed.

HCC is a Texas corporation with its principal place of business in Texas. HCC is not licensed to issue insurance policies directly in Oregon. Instead, HCC issues "surplus line" coverage. Linda Shaddon, an insurance broker with United Risk Solutions, Inc. ("United Risk") in Oregon, brokered HCC's insurance policy on Carson's helicopters. HCC's only communications regarding the policy prior to the crash were with Shaddon and United Risk. (Declaration of Christopher Bonnett ("Bonnett"), ¶¶ 6-7.) United Risk is only licensed as a surplus line broker in Oregon. (Id., ¶ 8.) Carson's corporate headquarters in Pennsylvania had the final authority to approve the policy, but the policy was delivered to United Risk in Oregon. (Id., ¶ 9.)

### B. The Insurance Contract and the Crash

On April 1, 2008, Houston issued Aviation Insurance Policy Number 013755-016 ("the policy") to United Risk on behalf of Carson, to cover Carson's helicopters from April 8, 2008 through April 8, 2009. (Plaintiffs' Complaint, ¶¶ 12-13). Paragraph 2 of Policy Endorsement 8 provides "Aviation Products-Completed Operations Liability" coverage up to $25,000,000 for personal injury to passengers resulting from an accident, under certain specified circumstances:

> This policy will pay on behalf of the Insured all sums which the Insured shall became legally obligated to pay as damages because of bodily injury and property damage caused by an occurrence and arising out of the Insured's aviation operations and/or the possession, use, consumption, or handling of any goods or products manufactured, constructed, altered, repaired, serviced, treated, sold, supplied, or distributed by the Named Insured or its employees, **and then only after such goods or products have ceased to be in the possession or under the control of the Insured**.

(Bonnett, exh.1, p. 35 (emphasis added).)

On August 5, 2008, a helicopter covered under the policy crashed while hired by the USFS to assist forest fire-fighting operations in Northern California's Trinity National Forest. (Defendant's Memorandum in Support of its Motion to Transfer (paper no. 12, "Memorandum"), p. 8; Bonnett at 8). The helicopter was carrying two Carson pilots, ten firefighters employed by Grayback Forestry, Inc. under contract with USFS, and one USFS employee. One of the pilots, seven of the firefighters and the USFS employee died in the crash, the other pilot and three firefighters were injured, and the helicopter was completely destroyed. (Memorandum, p. 7-8). HCC has paid Carson $1,900,000.95 under the policy for the loss of the helicopter. (Id., p. 4.) At the time of the crash, the pilots and the firefighters were all residents of Oregon, and the USFS employee was a resident of California. (Declaration of Harold Vines ("Vines"), ¶ 7.)

HCC denies that it is liable to cover plaintiffs for the wrongful death and personal injuries of the passengers. HCC and plaintiffs dispute whether, prior to the crash, Carson employees had relinquished possession and control of the helicopter to USFS. If so, the $25,000,000 maximum liability under Endorsement 8 would apply. (Memorandum, p. 10).

### C. Third-Party Claimants

Eight[1] third-party claims against Carson relating to the crash are presently being litigated in the United States District Court for the District of Oregon. Seven are state-law claims for wrongful death and personal injury; Columbia Helicopters, Inc. is the lead defendant in all of these suits, but Carson and CHS are named defendants as well:

- O'Donnell v. Columbia Helicopters, Inc. et al., 09-303-MO (on behalf of Bryan James

---

[1] HCC's reply brief, filed on March 25, 2009, lists five third-party claims in Oregon, four of which had been filed in state court and whose removal to federal court was imminent. These claims, together with three others, have since been removed to federal court.

    Rich);
- Hammer v. Columbia Helicopters, Inc. et al., 09-304-MO (on behalf of Matthew Aaron Hammer);
- Gomez v. Columbia Helicopters, Inc. et al., 09-326-MO (on behalf of Edrik Juan Gomez);
- Wilson v. Columbia Helicopters, Inc. et al., 09-327-MO (on behalf of Shawn Blazer);
- Charlson v. Columbia Helicopters, Inc. et al., 09-509-MO (on behalf of Scott Charlson);
- Frohreich v. Columbia Helicopters, Inc. et al., 09-381-MO; and
- Brown v. Columbia Helicopters, Inc. et al., 09-433-MO.

In addition to the seven wrongful death and personal injury lawsuits listed above, Columbia Helicopters, Inc. filed a federal action in Oregon for indemnity and to recover legal fees accrued while defending third-party lawsuits in Oregon, California, and Connecticut. Columbia Helicopters Inc. v. Carson Helicopters, Inc., 08-6415-AA.

## II. JURISDICTION AND PROCEDURAL HISTORY

Plaintiffs' complaint, filed November 7, 2008, contains two counts: I) a state-law claim for anticipatory breach of contract; and II) for a declaratory judgment. The court has jurisdiction over this action as the parties are diverse (neither plaintiff is incorporated in or has its base of operations in Texas) and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

HCC's Motion to Transfer Venue (paper no. 11) to the United States District Court for the District of Oregon is presently before the court. At oral argument, the parties were requested to file supplemental affidavits to support or oppose transfer. HCC filed a Motion to Strike Plaintiffs' Supplemental Response (paper no. 39), to which plaintiffs replied.

## III. TRANSFER OF VENUE

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). When deciding whether to transfer venue, a court should not limit itself solely to the factors enumerated in § 1404(a), but should consider all relevant factors to

determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.  Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3rd Cir. 1995).  Jumara presents a non-exhaustive set of factors guiding a decision on whether to transfer; these factors relate to the "private interest" of the parties and witnesses, and the "public interest" of the courts and the administration of justice in general.  Id.

The private interest factors include:  1) plaintiffs' forum choice; 2) where the defendant seeks to transfer; 3) where the claim arose; 4) which venue would better serve the convenience of the parties and the witnesses; and 5) the location of documentary evidence.  Id.  The public interest factors include:  1) enforceability of the judgment; 2) where trial is more likely to be efficient; 3) which venue suffers from less court congestion; 4) any significant local interest in the controversy; and 5) the trial judge's familiarity with the applicable state law.  Id.

Plaintiff's forum choice "should not be disturbed lightly."  Weber v. Basic Comfort, Inc., 155 F. Supp. 2d 283, 285 (E.D. Pa. 2001).  The corporate headquarters for Carson are here in Pennsylvania.  HCC is not an Oregon corporation but a Texas corporation.  This suggests plaintiffs' choice to file here should carry genuine weight.  Plaintiffs' forum choice is nonetheless not dispositive as the operative facts in this action did not occur in Pennsylvania.  Six of the remaining Jumara public and private interest factors favor transfer.[2]  See Coppola v. Ferrellgas, Inc., 250 F.R.D. 195, 200-201 (E.D. Pa. 2008).

A Pennsylvania court ruling on an insurance action must apply the law of the state having the most significant contacts or relationships with the underlying policy.  See Wilson v. Transport Ins. Co., 889 A.2d 563, 571 (Pa. Super. 2005) (citing Griffith v. United Air Lines, Inc.,

---

[2]Neither party suggests that the judgment is less enforceable or that the courts are more clogged in either possible forum.

203 A.2d 796 (Pa. 1964)).  The policy was issued and delivered in Oregon, through a surplus line insurance broker only licensed for this purpose in Oregon; it covers aircraft housed and repaired in Oregon.  Oregon law governs the insurance policy at issue, and a federal judge in Oregon is more likely familiar with the applicable law.

Third party claimants in an insurance action are indispensable parties under both Oregon and Pennsylvania law.  North Pacific Ins. Co. v. Switzler, 924 P.2d 839, 848 (Or. App. 1996) (citing the Oregon Declaratory Judgments Act, Or. Rev. Stat. § 28.110); Erie Ins. Group v. Cavalier, 552 A.2d 705, 707 (Pa. Super. 1989) (citing the Pennsylvania Declaratory Judgments Act, 42 Pa. C.S.A. § 7540).  "The pendency of a related case in the proposed transferee forum is a powerful reason to grant a motion to transfer."  Montgomery v. Schering-Plough Corporation, 2007 WL 614156 at *3 (E.D. Pa., Feb. 27, 2007).

Representatives of the estates of the firefighters bringing wrongful death actions against Carson are all residents of Oregon, as are both the surviving firefighters bringing claims.  (Vines, ¶ 15.)  Also, if this matter goes to trial, the burden of jury duty should not be placed on citizens with a remote connection to the lawsuit.  Coppola, 250 F.R.D. at 200 -201 (citation omitted).  Oregon has a much stronger local interest in the outcome of this litigation than Pennsylvania, because of the third-party claimants in Oregon.

The fact that eight third-party claims arising out of the helicopter crash are presently being litigated in federal court in Oregon also impacts judicial efficiency.  Most of the claimants and the witnesses live in Oregon.  Much if not all the documentary evidence is either there or nearby in Northern California.  These factors collectively point to the reasonable conclusion that litigating this matter in Oregon is likely to be more efficient than continuing here.

## IV. CONCLUSION

On balance, Oregon is a better forum. This action turns on a mixed question of material fact and contract interpretation: whether Carson had relinquished control or possession of the helicopter before the crash; most of the witnesses and documentary evidence about the contract formation and the crash are located either in Oregon or in nearby Northern California. Eight third-party claims are presently pending in Oregon Federal court, seven of which are personal injury claims filed by Oregon residents. All of these factors collectively outweigh plaintiffs' forum preference. This action will therefore be ordered transferred forthwith to the United States District Court for the District of Oregon.[3] An appropriate order will issue.

---

[3] The alternative remedy sought by HCC, dismissal for failure to join necessary parties, is moot.